UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE LEE COLE, JR., | No. 1:25-cv-00272 GSA (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL |
| v. | (ECF No. 7) |
| CALIFORNIA DEPARTMENT OF CORRECTIONS REHABILITATION,[1] et al. | ORDER DENYING PLAINTIFF'S "MOTION OF RETALIATION" |
| Defendants. | (ECF No. 8). |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. Plaintiff has yet to return a signed application to proceed in forma pauperis along with a six-month prisoner trust fund account statement, nor has he paid the filing fee.

Plaintiff has filed a motion for request for counsel and a "motion of retaliation." ECF Nos. 7, 8. For the reasons stated below, Plaintiff's motion for the appointment of counsel will be

---

[1] "California Department of Corrections Rehabilitation" is how Plaintiff listed this Defendant in his complaint. See ECF No. 1 at 1 (case caption of pleading). The Court is aware that this name is not quite correct; that it should be "California Department of Corrections and Rehabilitation." The Court will direct the Clerk of Court to correct the entry in the case caption of the docket.

denied, and his motion for retaliation will be denied.

I.    MOTION FOR THE APPOINTMENT OF COUNSEL

A.   Relevant Facts

In support of Plaintiff's motion for the appointment of counsel, Plaintiff states in part that he has a fourth-grade education, that he has a hard time reading, and that because he is about to be transferred to another prison he does not have his property and nor does he have access to law books. ECF No. 7 at 1.

B.   Applicable Law and Analysis

Plaintiff is a state prisoner proceeding pro se in an action brought under 42 U.S.C. § 1983. Plaintiff requests that the court appoint counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

The Court has yet to screen Plaintiff's complaint to determine whether the claims in it may be successful on their merits. However, despite Plaintiff's statement that he has a fourth-grade education, a cursory review of his complaint indicates that Plaintiff has a satisfactory understanding that his constitutional rights may have been violated. The pleading also indicates that Plaintiff is able to sufficiently express how and in what ways specific individuals violated his rights. Furthermore, as stated above, neither Plaintiff's lack of education, nor his limited access to law books constitute sufficient legal grounds for Plaintiff to be appointed counsel.

1    For these reasons, having considered the factors under Palmer, the Court finds that Plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel. As a result, the motion will be denied.

II.    "MOTION OF RETALIATION"

In Plaintiff's "motion of retaliation," ultimately, Plaintiff states that he is being retaliated against because he has alleged prison staff misconduct. ECF No. 8 at 1. He appears to request that an investigation be done so that he can show this to the Court. Id.

Plaintiff's motion will be denied for the following reasons. First, Federal Rule of Civil Procedure 7 identifies the guidelines to which parties are to adhere when filing motions. It states that a party must state with particularity the grounds for seeking the order, and that the party must state the relief that is being sought. Fed. R. Civ. P. 7(b)(1)(B)-(C). The relief Plaintiff is requesting – i.e., that the Court order an investigation into the alleged retaliatory actions of prison staff – is not one over which this Court has jurisdiction to do. Secondly, since the Court has yet to screen the complaint, the Court lacks jurisdiction to grant the requested relief. For these reasons, Plaintiff's "motion of retaliation" will be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of Court is directed to change the lead Defendant's name in the case caption of the docket from "California Department of Corrections Rehabilitation" to "California Department of Corrections and Rehabilitation";

2. Plaintiff's motion for the appointment of counsel (ECF No. 7) is DENIED, and

3. Plaintiff's "motion of retaliation" (ECF No. 8) is DENIED.

IT IS SO ORDERED.

Dated:   **March 24, 2025**              **/s/ Gary S. Austin**
                                          UNITED STATES MAGISTRATE JUDGE

3