UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE LEE COLE, JR., | No. 1:25-cv-00272 GSA (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | (ECF No. 17) |
| Defendants. | |

Plaintiff, a former state prisoner[1] proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Plaintiff has filed a motion for the appointment of counsel. ECF No. 17. For the reasons stated below, the motion will be denied.

I.   MOTION FOR THE APPOINTMENT OF COUNSEL

In support of Plaintiff's motion for the appointment of counsel, which was filed while Plaintiff was still incarcerated (see generally ECF No. 17), Plaintiff states that the minimal

---

[1] On April 2, 2025, a notice of change of address filed by Plaintiff was docketed. ECF No. 19. In it, the new address Plaintiff provides appears to be a residential one indicating that Plaintiff has likely been released from custody.

facility yard where he was housed had no law room or legal clerk.  Id.  In addition, Plaintiff states that the prison will not provide him with any resources.  Id.

## II.   DISCUSSION

### A.  Applicable Law

District courts lack authority to require counsel to represent indigent people in section 1983 cases.  See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff.  See 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel).  The burden of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances common to many, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

### B.  Analysis

Although the Court has yet to screen Plaintiff's complaint in order to determine whether his complaint is likely to be successful on its merits, a cursory review of the pleadings that Plaintiff has filed to date, as well as how he has managed this matter thus far, indicates that Plaintiff is able to articulate his claims with adequate sufficiency.  See generally ECF No. 1 (complaint).  Therefore, having considered the factors under Palmer, the Court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for the appointment of counsel (ECF No. 17) is DENIED.

IT IS SO ORDERED.

Dated:   **April 2, 2025**                    **/s/ Gary S. Austin**
                                       UNITED STATES MAGISTRATE JUDGE