UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE LEE COLE, JR.,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>Defendants. | Case No. 1:25-cv-272-EPG (PC)<br><br>ORDER TO ASSIGN A DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED FOR FAILURE TO COMPLY WITH A COURT ORDER AND FAILURE TO UPDATE PLAINTIFF'S ADDRESS<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY (30) DAYS |

Plaintiff George Lee Cole Jr., is a state parolee proceeding *pro se* and *in forma pauperis* in this civil rights lawsuit filed pursuant to 42 U.S.C. § 1983. (ECF Nos. 1, 24).

On October 6, 2025, the Court's order Reassigning a Magistrate Judge was returned as undeliverable, indicating that Plaintiff was no longer at the address he had listed following his parole release from Wasco State Prison. More than 30 days have passed, and Plaintiff has not filed an updated address with the Court.

Accordingly, this Court recommends that this case be dismissed without prejudice for failure to comply with a court order and failure to update Plaintiff's address.

\\\

I. **BACKGROUND**

Plaintiff filed his complaint on January 27, 2025. (ECF No. 1). Plaintiff requested to proceed *in forma pauperis* on the same day. (ECF No. 2). On April 2, 2025, Plaintiff filed a notice of change of address to 4842 Scenario Dr. Huntington Beach, CA 92649, indicating his release from state prison (ECF No. 19).

On April 15, 2025, Plaintiff filed an application to proceed *in forma pauperis* as a non-prisoner. (ECF No. 23). This was also the date of Plaintiff's last filing with the Court. Plaintiff's IFP application was granted on April 25, 2025, and an attempt at service by mail was made, but it was returned as undeliverable.

On October 6, 2025, the Court issued an ordered reassigning the case to the undersigned. (ECF No. 25). This order was also returned "as Undeliverable, Return to Sender; Notify Sender of New Address; 544 E Hoover Ave., Orange, CA 92867-4923; P.O. Box 3391, Santa Ana, CA 92703-0391; 25 Order Reassigning Magistrate Judge sent to George Lee Cole, Jr., 4842 Scenario Dr., Huntington Beach, CA 92649."

More than 30 days have passed since the order was returned, and Plaintiff has not filed an updated address with the Court.  No filings have been made by Plaintiff since Aprily 15, 2025.

Rule 183(b) of the Local Rules of the Eastern District of California state:

> **(b) Address Changes.** A party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within thirty (30) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

The Court notes that the informational order served on Plaintiff the day after he filed this lawsuit generally advised him of the need to comply with Court orders.  (ECF No. 12, p. 1). That order specifically advised him of the requirement to keep the Court updated as to his address:

> If mail directed to a pro se plaintiff at the address of record is returned by the United States Postal Service as undeliverable, the order will not be reserved a second time absent a notice of change of address. If a pro se plaintiff's address is not updated within thirty-three (33) days of mail being returned as undeliverable, the case will be dismissed for failure to prosecute. Local Rule 183(b).

(*Id.* at 5).

\\\

2

## II.     ANALYSIS

> In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits.

*Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan*, 291 F.3d at 642 (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Therefore, the first factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest. . . . It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants. . . ." *Id.* (citations omitted). Plaintiff has failed to keep the Court informed of his address as required under Local Rule 183(b). This failure is delaying the case and interfering with docket management, as the case cannot progress without Plaintiff's participation and an address for Plaintiff to receive court filings. Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Id.* (citing *Yourish*, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id.* at 643, and it is Plaintiff's failure to comply with a court order and update his address that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, given that Plaintiff has failed to comply with a court order and has not timely updated his address, despite being warned of possible dismissal, there is little available to the Court besides dismissal which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Notably, given the stage of these proceedings, the preclusion of evidence or witnesses is not available. Further, because the Court is recommending dismissal without prejudice, it has stopped

3

short of recommending the harsher sanction of dismissal with prejudice. Therefore, the fourth factor weighs in favor of dismissal.

Finally, because public policy favors disposition on the merits, this final factor weighs against dismissal. *Id.*

After weighing the factors, the Court concludes that dismissal without prejudice is appropriate.

### III.     ORDER, CONCLUSION, AND RECOMMENDATIONS

Accordingly, IT IS ORDERED that the Clerk of Court is directed to assign a District Judge to this case.

And for the reasons explained above, IT IS RECOMMENDED that:

1. This case be dismissed, without prejudice, based on Plaintiff's failure to comply with a court order, and failure to update his address.

2. The Clerk of Court be directed to close this case.

These Findings and Recommendations will be submitted to the United States District Court Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1). Within thirty (30) days after being served with a copy of these Findings and Recommendations, Plaintiff may file written objections with the Court. Any objections shall be limited to no more than fifteen (15) pages, including exhibits. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **December 22, 2025**         /s/ Erica P. Grosjean
                                       UNITED STATES MAGISTRATE JUDGE

4